UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRACY WALKER,

    Plaintiff,

    v.                        PLAINTIFF'S COMPLAINT

PORTFOLIO RECOVERY
ASSOCIATES, LLC,

    Defendant.

TRACY WALKER ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC (Defendant):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 28 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction of this court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 47 U.S.C. § 227(b)(3)

3. Because Defendant conducts business in the State of Georgia, personal jurisdiction is established.

4. Venue is proper pursuant before this Court pursuant to 28 U.S.C. § 1391(b)(2) as the acts and transactions giving rise to this action occurred in this district as Defendant resides in this district and transactions business in this district.

## PARTIES

5. Plaintiff is a natural person who resides in Lilburn, Gwinnet County, Georgia.

6. Plaintiff is obligated, or allegedly obligated, to pay a debt and is a "consumer" as

that term is defined by 15 U.S.C. 1692a(3).

7. Defendant is a business entity incorporated in Delaware and headquartered at 120 Corporate Blvd., Norfolk, Virginia 23502.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In o 2012, Defendant began calling (678) 300-32xx, Plaintiff's cellular telephone number.

11. The purpose of these calls was to collect funds from Plaintiff which were owed or alleged to be owed ("debt").

12. The alleged debt arises from transactions for personal, household, and/or family purposes.

13. Defendant called Plaintiff from telephone numbers (205) 623-1372, (757) 512-5018, (757) 963-7007, and (800)772-1413.

14. Upon information and belief based on Defendant's business practices, frequency, number, and nature of the calls, Defendant placed them using an automatic telephone dialing system or other equipment capable of storing and/or producing telephone numbers ("auto dialer").

15. On multiple occasions starting in July 2012, Plaintiff instructed Defendant, through an employee, to stop calling her cellular telephone.

16. Plaintiff revoked any consent, actual or implied, for Defendant to use an auto dialer to call her cell phone.

17. Defendant continued to use an auto dialer to call her cell phone despite lacking

express consent.

18. Since April 23, 2013, Defendant used an auto dialer to place at least fifty-three (53) collection calls to Plaintiff's cell phone.

19. These calls were made by Defendant voluntarily, intentionally, and willfully.

20. Plaintiff is annoyed and feels harassed by Defendant's continued collection calls to her cell phone.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

21. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and/or abuse Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

22. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

23. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

24. Any other relief that this court deems to be just and proper.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

25. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

26. Defendant's actions alleged *supra* constitute numerous and multiple knowing

and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

27. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

28. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

29. All court costs, witness fees and other fees incurred; and

30. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

Date: December 1, 2014      By: /s/ Shireen Hormozdi
                                                          Shireen Hormozdi
                                                          Krohn & Moss, Ltd
                                                          10474 Santa Monica Blvd.
                                                          Suite 405
                                                          Los Angeles, CA 90025
                                                          Tel: (323) 988-2400 x 267
                                                          Fax: (866) 861-1390
                                                          Email: shormozdi@consumerlawcenter.com